UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN CALVIN                                                    PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:12CV258TSL-MTP

MISSISSIPPI DEPARTMENT OF                                      DEFENDANT
REHABILITATION SERVICES

MEMORANDUM OPINION AND ORDER

The cause is before the court on the motion of defendant Mississippi Department of Rehabilitation Services for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff John Calvin opposes the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

Plaintiff John Calvin, an employee of defendant Mississippi Department of Rehabilitation Services (MDRS), filed the present action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., asserting a claim of race discrimination based on defendant's failure to promote him. MDRS denies it failed to select plaintiff for promotion on account of his race and asserts another candidate was selected because of the candidate's higher cumulative score during the interview process. Defendant seeks summary judgment on plaintiff's claim, contending plaintiff cannot

demonstrate pretext in the face of its legitimate non-discriminatory reason for not promoting him.[1]

MDRS has adduced evidence demonstrating the following: In 1975, MDRS hired Calvin, who is black, as a Vocational Rehabilitation Counselor I. Since his employment began, MDRS has promoted Calvin four times, most recently in 1993 to the position of District Manager. In 2006, the position of Bureau Director II, commonly known as Client Services Director, became open due to the pending retirement of Kathy Robbins. In addition to Calvin, eight other applicants, six white and two black, applied for the position.

To fill the position, MDRS employed the following process: All nine candidates were interviewed by a two-person panel with

---

[1] The complaint also purported to assert a claim for race discrimination pursuant to 28 U.S.C. § 1981 and a disparate impact claim under Title VII and § 1981. Plaintiff's § 1981 claims against MDRS are cognizable. See Meyers v. La Porte Indep. Sch. Dist., 277 Fed. Appx. 333, 335, 2007 WL 4467586, 2 (5th Cir. 2007) (holding that "[i]n order to remedy violations of § 1981, a plaintiff must assert a cause of action under § 1983" since "'[t]he express "action at law" provided by § 1983 for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.'") (quoting Jett v. Dallas Indep. Sch. Dist. 491 U.S. 701, 735, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)). Further, the court's review of the complaint reveals that plaintiff has failed to state a Title VII disparate impact claim. See Pacheco v. Mineta, 448 F.3d 783, 787 (5th Cir. 2006) (disparate-impact plaintiff must allege and demonstrate facially neutral policy that, in fact, has disproportionately adverse effect on a protected class).

the panel's top selections, in turn, being interviewed by a three-member panel. Following the interviews, the final selection was made by MDRS Executive Director Butch McMillin. Robbins and Gary Neely, the Director of Vocational Rehabilitation, who supervised the position of Director of Client Services, conducted the first round of interviews, using eight form interview questions, which are not alleged to be racially biased. Following initial interviews, Robbins and Neely separately scored each candidate based on the candidate's application and interview performance. Thereafter, they combined their scores to obtain a total score for each candidate. The top three candidates were scored as follows: (1) Shirley Brown, black female, 35.5 points; (2) Tarea Stout, white female, 35 points; and (3) plaintiff, black male, 28 points.

Ultimately, Robbins and Neely recommended the top two candidates to the second interviewing panel consisting of McMillin, Shelia Browning, MDRS Deputy Director, and Renee Woodward, Human Resources Director. After interviewing Stout and Browning, the trio unanimously agreed on Stout as the top candidate. McMillin, thereafter, promoted Stout to fill the position based on his belief that she was the most qualified applicant considering her application and interview performance.

In a case such as this, where the plaintiff has not presented direct summary judgment evidence of discrimination, the court applies the burden-shifting framework in McDonnell Douglas Corp.

3

v.. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).[2] Under this framework, the employee claiming discrimination must first establish a prima facie of race discrimination. See Lee v. Kansas City Southern Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009). Defendant does not challenge plaintiff's prima facie showing. Once an employee has made out a prima facie case, an inference of intentional discrimination is raised and the burden of production shifts to the employer, who must offer an alternative non-discriminatory explanation for the adverse employment action. Id. Here, defendant has satisfied this burden, stating that another candidate was deemed more qualified based on receiving the highest cumulative score by a neutral, two-member selection panel after considering the applications and interviewing the candidates. See Sabzevari v. Reliable Life Ins. Co., 264 Fed. App'x 392, 395 (5th Cir. Jan. 31, 2008) (holding that "[s]election of a more qualified applicant is a legitimate and nondiscriminatory reason for preferring one candidate over another."). If the defendant carries this burden, then the plaintiff must establish that the defendant's reasons are not true but are in fact a pretext for discrimination. See Price v. Fed. Express Corp., 283 F.3d 715, 719-20 (5th Cir. 2002).

---

[2] Plaintiff does not contend he has any direct evidence of discrimination.

In his effort to create an issue of fact as to pretext, plaintiff offers the following: (1) the interviewers were white; (2) he was more qualified than Stout, by virtue of the fact that he had thirty years' experience with MDRS to Stout's thirteen years; (3) MDRS failed to articulate in any detail how Stout answered the questions better than plaintiff; and (4) the EEOC determined that MDRS discriminated against plaintiff and created a "glass ceiling" that prevents blacks from attaining top management level positions. In the court's opinion, plaintiff has failed to cast doubt on the defendant's explanation that Stout was chosen because of her superior application and interview performance.

Initially, it is beyond dispute that the fact that the interviewers were white and Calvin is black does not amount to proof of pretext but is merely Calvin's subjective belief.[3] See Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 402-03 (5th Cir. 2001) (holding that a plaintiff must offer substantial evidence of pretext amounting to more than her subjective belief of discrimination)

Secondly, while it is true that a plaintiff may show pretext if he can show the qualifications possessed by plaintiff and the chosen applicant were so widely disparate that no reasonable

---

[3] The court would note, too, that this belief is belied by the fact that Robbins and Neely also recommended Brown, who is black, to the three-person panel.

5

employer would have made the same decision, see Moss v. BMC Software, Inc., 610 F.3d 917, 923 (5th Cir. 2010), it is also true that

> "an 'attempt to equate years served with superior qualifications ... [is] unpersuasive.'" Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir. 1996) (quoting Bodenheimer v. PPG Indus., 5 F.3d 955, 959 (5th Cir. 1993)). "Obviously, work experience is one component of defining who is more qualified," but "greater experience alone will not suffice to raise a fact question as to whether one person is clearly more qualified than another." Id. (internal quotations and citations omitted). In EEOC v. Louisiana Office of Community Services, this court recognized that the fact that a candidate's experience is recent and specialized in relation to the job at issue is a consideration relevant to qualification, in addition to simple length of experience. 47 F.3d at 1444-45; see also Odom v. Frank, 3 F.3d 839, 846 (5th Cir. 1993) (noting that the hired candidate "had significant recent experience in several of the ... areas that were most relevant to the new position .... Most of the work for which [plaintiff] had been primarily responsible during the several years preceding [ ] the application process simply was not relevant to the new position.").

Id. Here, as MDRS points out, at the time the position opened, Stout had more recent job experience related to one of the listed job requirements, i.e., that the applicant have, at least, four years of advanced technical supervision experience. Specifically, for the seven years prior to applying for Client Services Director, Stout, as a Regional I Manager, had managed three facilities, while it had been thirteen years since Calvin had last managed a facility. Additionally, while Calvin and Stout both possess Master's degrees, Calvin, unlike Stout, had neither a professional counseling certification, which requires continuing

6

education to maintain, nor Master's level educational training in deafness, which corresponded to the "Special Experience" requirement listed for the position. Calvin simply has not chinned the "high bar" set for this kind of evidence. Id.

Next, Calvin's insistence that defendant has failed to present proof to demonstrate how Stout answered the questions better than he, misapprehends MDRS' burden. Defendant's burden at the second step of the McDonell Douglas analysis is one of production, not one of persuasion. Defendant is not required to prove its reason(s) by a preponderance of the evidence, but rather to offer a legitimate, nondiscriminatory reason for its decision. See King v. Univ. Healthcare Sys., L.C., 645 F.3d 713, 724 (5th Cir. 2011). It is then plaintiff's burden to rebut that reason. To do so, "'[i]t is not enough ... to disbelieve the employer.'" Warren v. City of Tupelo, Miss., 332 Fed. Appx. 176, 181 (5th Cir. June 3, 2009) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 519, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993)). "Instead, 'the factfinder must believe the plaintiff's explanation of intentional discrimination." Id. For his part, plaintiff has adduced no proof which tends to cast doubt on whether Robbins and Neely deemed Stout to be a more qualified candidate than Calvin.

Finally, defendant urges that the August 28, 2007 EEOC Determination offered by Calvin should be excluded under Rule 403 of the Federal Rules of Evidence. The Determination recites that

7

based on the evidentiary record there was reasonable cause to believe that Calvin had been the victim of discrimination because he was overwhelmingly more qualified than Stout and further states that the statistical evidence in the file showed that MDRS had created a "glass ceiling" for black employees.  The court agrees that the Determination is inadmissible as the findings are wholly conclusory and devoid of any specific factual findings or citation to or description of any of the evidence which was considered in reaching the determinations.  See Moore v. Nissan North America, Inc., Civil Action No. 3:10cv569DPJ-FKB, 2012 WL 2608792, *3 (S.D. Miss. July 5, 2012) (excluding at summary-judgment stage EEOC's Determination where agency made "key legal determinations" without providing detailed evidentiary basis to support findings).  As plaintiff has failed to create an issue of fact as to whether defendant's legitimate, non-discriminatory reason was pretextual, defendant's motion is due to be granted.

Accordingly, it is ordered that MDRS' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 30th day of January, 2013.

                                 /s/ Tom S. Lee
                                  UNITED STATES DISTRICT JUDGE